■ SEYMOUR BROOKS, Appellant, v CITICORP et al., Respondents. [666 NYS2d 114] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about February 26, 1996, which granted defendant's motion to dismiss the complaint at the close of plaintiff's case, unanimously affirmed, without costs.

The complaint was properly dismissed for plaintiff's failure

to make out a prima facie showing that when his position with defendant was discontinued in March 1988, he accepted another position with defendant in detrimental reliance on the clause in defendant's policy guide providing that "[f]ull time officers with 20 years of service by 12/31/88 will be offered placement if their jobs are discontinued" (*see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406). Furthermore, assuming, as the trial court apparently did before dismissing the complaint, that such clause is contractual in nature, the trial court, for purposes of deciding whether plaintiff had attained 20 years of service as of December 31, 1988, properly refused to consider various of defendant's employment benefit plans defining a year to be less than 365 days, since plaintiff did not include these documents in his answers to defendant's interrogatories. We would add that the policy guide is not ambiguous with respect to the meaning of a year, and that extrinsic evidence in that respect would have been inadmissible even if plaintiff's answers to the interrogatories had included the benefit plan provisions (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 163). Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.